No. 10-1204                               September Term 2010

USTC-25868-06

**Filed On:** August 18, 2011

Intermountain Insurance Service of Vail,
Limited Liability Company and Thomas A.
Davies, Tax Matters Partner,

      Appellees

   v.

Commissioner of Internal Revenue Service,

      Appellant

**BEFORE:**    Sentelle, Chief Judge; Tatel, Circuit Judge; and Randolph, Senior
             Circuit Judge

**O R D E R**

Upon consideration of appellees' petition for panel rehearing, it is

**ORDERED** that the petition be denied.  It is

**FURTHER ORDERED**, on the court's own motion, that the opinion filed June 21,
2011, be amended as follows:

Delete beginning on p. 12, lines 23-32 through p. 13, lines 1-8:

"At oral argument, Intermountain suggested that only section 6229(c)(2), not
also section 6501(e)(1)(A), applies to this case. Oral Arg. Tr. 15:13-16:01. But
Intermountain never made this argument in its brief nor has it ever argued, not in the
tax court and not on appeal, that the two sections have different meanings outside the
trade or business context. *Intermountain II*, 134 T.C. at 212 n.2. Accordingly, we treat
as forfeited any argument that section 6501(e)(1)(A) and its implementing regulation
have no applicability to this case.  *See Potter v. District of Columbia*, 558 F.3d 542, 550
(D.C. Cir. 2009) (argument raised for the first time on appeal is forfeited); *Ark Las
Vegas Rest. Corp. v. NLRB*, 334 F.3d 99, 108 n.4 (D.C. Cir. 2003) (argument raised for
the first time at oral argument is forfeited). Similarly treating as forfeited any argument
that the two sections might have different meanings outside the trade or business
context, we shall focus our analysis on the earlier enacted section 6501(e)(1)(A)."

Insert in lieu thereof:

"At oral argument, Intermountain argued that "this case is not about [section] 6501" but only section 6229 given the Tax Court's observation that where, as here, the Commissioner has adjusted only partnership items, only section 6229(c)(2) applies. Oral Arg. Tr. 15:13–16:01; *see Intermountain II*, 134 T.C. at 212 n.2. Whether only section 6229(c)(2) applies here, however, is irrelevant, for Intermountain has consistently, both in the Tax Court and on appeal, treated both statutes as having the same meaning outside the trade or business context and has focused all but one of its arguments on both statutes together or on section 6501(e)(1)(A) alone. *See id.* (explaining that because "the parties [i.e., including Intermountain] refer to the temporary regulations [interpreting sections 6501(e)(1)(A) and 6229(c)(2)] in tandem . . . we will follow the parties' lead and refer to the temporary regulations in tandem"). That is, Intermountain's arguments largely assume that the path to interpreting section 6229(c)(2) passes through section 6501(e)(1)(A). Accordingly, although we shall address Intermountain's sole section 6229(c)(2)-specific argument in due course, *see infra* 24, we treat as forfeited any argument that the two sections might have different meanings outside the trade or business context, focusing our analysis, as have the parties themselves, on the earlier enacted section 6501(e)(1)(A). *See Potter v. District of Columbia*, 558 F.3d 542, 550 (D.C. Cir. 2009) (argument raised for the first time on appeal is forfeited); *Ark Las Vegas Rest. Corp. v. NLRB*, 334 F.3d 99, 108 n.4 (D.C. Cir. 2003) (argument raised for the first time at oral argument is forfeited)."

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Jennifer M. Clark
Deputy Clerk